UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| : JEFFREY-MERRITT : WILSON, <br><br> Plaintiff, <br><br> v. <br><br> NBS DEFAULT SERVICES, LLC, et al., <br><br> Defendants. | Case No. 16-cv-06253-BLF <br><br> **ORDER DENYING PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND DECLARATORY RELIEF** <br><br> [Re: ECF 8] |

Plaintiff : Jeffrey-Merritt : Wilson, proceeding pro se, brings twelve causes of action against Defendants: (1) violation of civil rights; (2) negligence; (3) defamation; (4) "loss of confidence of neighbors"; (5) "credit damage"; (6) punitive damages; (7) intentional infliction of emotional distress; (8) loss of work; (9) loss of time and labor; (10) monetary loss; (11) "unreasonable/unwarranted attacks by Defendants['] agents in concurrent proceedings"; and (12) slander. *See generally* Compl., ECF 1.  Now before the Court is Plaintiff's motion for a temporary restraining order ("TRO"), preliminary injunction, and declaratory relief.  Mot. for TRO, ECF 8. Plaintiff seeks these forms of relief "to maintain the status quo." *Id.* at 2.  Specifically, he petitions the Court to prevent a jury trial from going forward in state court. *See id.* at 2 & Ex. 3 (notice of jury trial in *U.S. Bank Nation Ass'n v. Wilson*, No. CL-16-00199 (San Benito Cty. Super. Ct.)).  As "cause" for granting the emergency application, Wilson lists that the claims before the state court are "clearly and precisely void on their face," and "federal laws were definitely violated." *Id.* at 5.  Wilson also urges the Court to void a state court judgment in a separate case. *See id.* at 3 (identifying case as No. CU-11-00119)).  For the reasons discussed

herein, the Court DENIES Plaintiff's motion.

The substantive standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction. *See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001); *Lockheed Missile & Space Co. v. Hughes Aircraft*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). An injunction is a matter of equitable discretion and is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).

A plaintiff seeking preliminary injunctive relief must establish "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Id.* at 20. Alternatively, an injunction can issue where "the likelihood of success is such that serious questions going to the merits were raised and the balance of hardships tips sharply in plaintiff's favor," provided that the plaintiff can also demonstrate the other *Winter* factors. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011) (citation and internal quotation marks omitted). Under either standard, the plaintiff bears the burden of making a clear showing on these elements and on entitlement to this extraordinary remedy. *Earth Island Inst. v. Carlton*, 626 F.3d 462, 469 (9th Cir. 2010).

The Court finds that Plaintiff has not shown a likelihood of success on the merits. Without more, his speculation that he is "most likely to prevail" is inadequate. Mot. for TRO 3. Additionally, Plaintiff's federal claims suffer fatal deficiencies. Wilson's first cause of action for violation of his civil rights and his fifth cause of action, which the Court construes as an attempt to state a claim under the Fair Credit Reporting Act, do not contain sufficient facts for the Court to determine whether Wilson is likely to succeed on the merits. Compl. ¶¶ 8–9, 16–17. None of Wilson's remaining causes of action are based on federal law. Without a federal claim, this Court does not have subject matter jurisdiction over this action.[1] In the absence of a viable federal question, the Court declines to exercise supplemental jurisdiction and address the remaining

---

[1] This Court does not have diversity jurisdiction because there is not complete diversity. *See* Compl. ¶¶ 1–5 (Plaintiff and Defendants are California residents).

claims. *See* Order Denying TRO, *Cornerstone Health & Wellness v. Long Beach*, No. 13-cv-00777, ECF 13 (C.D. Cal. filed Feb. 4, 2013) (declining to address state law claims in support of TRO application in the absence of federal question jurisdiction); *see also Carrasco v. HSBC Bank USA, N.A.*, No. 11-cv-2711, 2012 WL 646251, at *2 (N.D. Cal. Feb. 28, 2012) (denying application for temporary restraining order on the ground that the Court did not have subject matter jurisdiction over the case). Therefore, Wilson has not shown a likelihood of success on the merits, and the Court declines to address the remaining *Winter* factors.

Moreover, even if Plaintiff were able to meet the requirements to issue a preliminary injunction or TRO, the Anti-Injunction Act would prevent this Court from intervening in the state court proceedings at issue. 28 U.S.C. § 2283. The Act "is an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of [the] three specifically defined exceptions." *Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs.*, 398 U.S. 281, 286 (1970); *Merle Norman Cosmetics, Inc. v. Victa*, 936 F.2d 466, 468 (9th Cir. 1991). A federal court may enjoin state proceedings "only 'as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.'" *Merle Norman Cosmetics*, 936 F.2d at 468. The three exceptions are narrowly construed, and "doubts as to the propriety of a federal injunction against a state court proceeding should be resolved in favor of permitting the state action to proceed." *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987). Here, Wilson has not identified any applicable exception to the Anti-Injunction Act, and the Court was unable to identify any.[2] Accordingly, Wilson's motion for a TRO and preliminary injunction is DENIED.

Wilson also requests "declaratory relief by public awareness that one can be victimized by fraud, by void judgments, by malicious movements and other type violations of the law." Mot. for TRO 3. However, Wilson does not cite any authority that would allow the Court to grant his

---

[2] Although the Court finds no cases addressing forcible entry and forcible detainer actions, a number of district courts have found that a stay of pending unlawful detainer proceedings, which are similar to the allegations against Wilson in state court, do not fall into one of the exceptions listed in the Act. *See, e.g.*, *Iam v. Wash. Mut. Bank*, No. 12-4106, 2013 WL 56703 (N.D. Cal. Jan. 2, 2013); *Carrasco v. HSBC Bank USA, N.A.*, No. 11-2711, 2012 WL 646251 (N.D. Cal. Feb. 28, 2012).

3

1   motion.  Accordingly, the Court DENIES Plaintiff's motion for declaratory relief.

2   **IT IS SO ORDERED.**

3   Dated: November 7, 2016

4   _____
    BETH LABSON FREEMAN
5   United States District Judge