UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| :JEFFREY-MERRITT : WILSON,<br><br>Plaintiff,<br><br>v.<br><br>NBS DEFAULT SERVICES, LLC,<br><br>Defendant. | Case No. 16-cv-06253-BLF<br><br>**ORDER DENYING REQUEST FOR CLARIFICATION REGARDING JURISDICTION; REGARDING ADMINISTRATIVE DUTY; REGARDING AFFIDAVITS; REGARDING PUBLIC TRUST**<br><br>[Re: ECF 26] |

Presently before the Court is Plaintiff :Jeffrey-Merritt : Wilson's request for clarification regarding jurisdiction; regarding administrative duty; regarding affidavits; regarding public trust with respect to the Court's orders regarding ECF 14, 17, 18, 19, 20, and 23 (collectively, "requests for judicial notice"). *See* Request, ECF 26. The Court construes this as a motion for clarification of the Court's previous orders denying Plaintiff's requests for judicial notice. Having carefully reviewed this matter, Plaintiff's motion will be denied for the reasons explained below.

"A court may clarify its order for any reason." *Wahl v. Am. Sec. Ins. Co.*, No. C 08-0555, 2010 WL 2867130, at*3 (N.D. Cal. July 20, 2010). This type of request "invite[s] interpretation, which trial courts are often asked to supply, for the guidance of the parties." *Bordallo v. Reyes*, 763 F.2d 1098, 1102 (9th Cir. 1985). From this, it is apparent that the clarification process presumes some legitimate need supporting relief, such as the existence of ambiguity or confusion that can be corrected with further explanation. But where an order or direction of the court is clear, it follows that clarification is unnecessary.

On December 2, 2016, the Court issued an order denying Plaintiff's mandatory judicially noticed evidence. Order, ECF 15 (denying ECF 14). On January 3, 2017, the Court issued an order denying Plaintiff's request that the Court take judicial notice of the following documents: (1)

Default of Claim Administrative Remedy, ECF 17; (2) Default of Claim Administrative Remedy, ECF 18; (3) "Affidavit of Truth" Re: Habeas Corpus, ECF 19; and (4) Appointment of Fiduciary, ECF 20. Order II, ECF 22. On January 6, 2017, the Court issued a third order denying yet another mandatory judicial notice entry on the record of self-authenticated evidence, ECF 23. Order III, ECF 24. Presumably in light of these orders, Plaintiff requests that the Court clarify the following: (1) the jurisdiction of this Court, as it is Plaintiff's "belief that this is an Article III Court of Record or an Administrative-Law-Tribunal in Admiralty which would be operating with the rule of the Uniform-Commercial-Code"; (2) "[a]dministrative [r]emedy [p]rocedure and [d]uty"; (3) the "dishonor[ing]" of his writ for habeas corpus; and (4) the "dishonor[ing]" of his fiduciary appointment. Request 2–3.

Within the framework stated above, however, the Court finds the request misplaced for two reasons. First, nothing in the three aforementioned orders requires clarification, as they are neither confusing, incomplete, nor ambiguous. In the December 2, 2016 order, the Court denied Plaintiff's request that the Court take judicial notice of "International Commercial Claim Administrative Remedy" because Plaintiff filed the request without an underlying motion and because the document did not appear to be of the type subject to judicial notice. Order. In the January 3, 2017 order, the Court denied Plaintiff's request that the Court take judicial notice of the documents at ECF 17–20 for the same reasons it denied Plaintiff's prior request—there was no underlying motion and because the documents did not appear to be of the type subject to judicial notice. Order II, at 1. The Court also denied Plaintiff's request for judicial notice of appointment of fiduciary, in which he "nominate[d] and [ ] appoint[ed] Beth Labson Freeman / BETH LABSON FREEMAN, a Judge or successor Judge as being qualified to fulfill the position of the public 'Fiduciary/Trustee' for the corporate entity described [ ] in all-capital-letter assemblages = JEFFREY MERRITT WILSON, TRUST[,]" because he provided no authority for taking this action. Finally, in the January 6, 2017 order, the Court again denied Plaintiff's request that the Court take judicial notice without an underlying motion. Order III. No further instruction is required.

Second, many of the specific clarification questions posed by Plaintiff seeks information

that cannot be provided by the Court.  Indeed, Plaintiff's request appears to be more in line with a request for legal advice, which the Court cannot give.  Plaintiff may wish to contact the Federal Pro Se Program, a free program that offers limited legal services and advice to parties who are representing themselves.  The Federal Pro Se Program has offices in two locations, listed below.  Help is provided by appointment and on a drop-in basis.  Parties may make appointments by calling the program's staff attorney, Mr. Kevin Knestrick, at 408-297-1480.  Additional information regarding the Federal Pro Se Program is available at http://cand.uscourts.gov/helpcentersj.

| Federal Pro Se Program | Federal Pro Se Program |
|---|---|
| United States Courthouse | The Law Foundation of Silicon Valley |
| 280 South 1st Street | 152 North 3rd Street |
| 2nd Floor, Room 2070 | 3rd Floor |
| San Jose, CA 95113 | San Jose, CA 95112 |
| Monday to Thursday 1:00 pm – 4:00 pm | Monday to Thursday 9:00 am – 12:00 pm |
| Fridays by appointment only | Fridays by appointment only |

**IT IS SO ORDERED.**

Dated: January 18, 2017

_____
BETH LABSON FREEMAN
United States District Judge